DOMESTIC FINANCE CORPORATION OF NEW YORK, Respondent, v. JAMES FELL and MADELINE FELL, Defendants, Impleaded with HENRY FELL, Appellant.

Third Department, May 17, 1939.

*Jacob Y. Becker* [*Victor D'Adamo* of counsel], for the appellant.

*Harry S. Travis*, for the respondent.

PER CURIAM. This action is in replevin to recover the possession of certain articles of household furniture covered by a chattel mortgage given to the plaintiff-respondent by the defendants James Fell and Madeline Fell. The defendant-appellant Henry

Fell answered claiming ownership of the furniture and re-replevied it. The defendants James Fell and Madeline Fell defaulted. The furniture here in dispute had been owned by the defendant-appellant Henry Fell. It was testified by the defendants James Fell and Madeline Fell that it had been given to them by Henry Fell and it was included with other personal property in the chattel mortgage given by James and Madeline Fell to the plaintiff-respondent. Henry Fell denied ever having made a gift of the furniture and claimed that it was in his ownership and possession at the time it was replevied by the plaintiff. The trial court charged that the plaintiff had such an interest in the property covered by the · chattel mortgage as entitled it to immediate possession of the property; that there was an argument between the father, Henry Fell, and the son and the daughter-in-law, James and Madeline Fell, as to the ownership of the property and that the plaintiff had taken its chattel mortgage in good faith and then asked the jury to decide whether the plaintiff was to sufler by reason of the fact that there was a dispute over the ownership of the articles; also that the plaintiff was not bound either legally or otherwise to trace the ownership of each article which was covered by its chattel mortgage and that it had a right to assume that this was the property of James Fell and wife because, as the court stated, it was in the possession of James Fell and that was *prima facie* evidence of ownership. The court further charged that the plaintiff was not bound or concerned with any question of ownership between James and Madeline Fell and Henry Fell and that if there was any question as to that the proper procedure would have been for Henry Fell to contest such ownership with James Fell and wife. All of this was over the exception of the defendant-appellant and was obvious error.

The judgment should be reversed upon the law and facts, with costs in this court and the court below to the defendant-appellant against the plaintiff-respondent, and a new trial granted.

All concur.

Judgment reversed upon the law and facts, with costs in this court and in the court below to the defendant-appellant against the plaintiff-respondent, and new trial granted.